16800

MAXEY v. MANNING

(78 S. E. (2d) 633)

*Mr. Russell B. Maxey,* of Columbia, *Appellant, pro se,*

*Messrs. T. C. Callison, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Respondent,*

November 23, 1953.

STUKES, Justice.

The petitioner (now appellant) in this *habeas corpus* proceeding was convicted in 1949 in the Court of General Sessions for Richland County of the crimes of burglary, with recommendation to mercy, and assault and battery with intent to kill. This court affirmed upon appeal. *State v. Maxey,* 218 S. C. 106, 62 S. E. (2d) 100. Thereafter he was committed to the State Penitentiary and began the service of his sentences on November 15, 1950.

The petition to the lower court was based upon the contention that appellant's sentences should be served upon the public works of Richland County, which his confinement in the penitentiary violated; and that he had made repeated efforts to obtain transfer to the county authorities, which were refused, wherefore he is entitled to release from custody.

Petitioner's understanding of the sentences, upon which he based his contention of illegality of confinement in the penitentiary, resulted from the recital in the Statement which was contained in transcript of record for appeal from his convictions, which was, in effect, that he had been sentenced upon the conviction of burglary to serve a term of seven

years on the public works of Richland County and for the conviction of assault and battery with intent to kill he should be confined for a period of ten years, without the latter stating the place of confinement or service of the sentence. This was properly in narrative form and obviously without attempt to reproduce or copy the sentences in full. See Sec. 3 of Rule 4 of the Supreme Court which relates to the contents of such a "statement", under which the recital was adequate.

At the hearing upon the writ which was issued by the court, and after return by the State, the original sentences signed by the presiding judge could not at first be found and the Journal of the court was introduced to show that the sentences were, for burglary the defendant should be confined at hard labor upon the public works of Richland County for a term of seven years, or a like term in the State Penitentiary, etc., and the sentence for assault and battery with intent to kill was for ten years' confinement at hard labor upon the public works of the county, or for a like term in the State Penitentiary, etc. However, the originals of the sentences were soon found and exhibited to the petitioner. The following is quoted from the agreed transcript of record for this appeal: "Just after the hearing adjourned, and after the remanding order had been given, the purportedly originals were located, and were compared with the copies— by the Judge in his office—in the presence of the petitioner, and found to be exact copies. These copies are attached hereto as exhibits."

In addition, conforming certified copies were, and are, on file in the penitentiary and also in the office of the Probation and Parole Board, so there is certainly no lack of originals and true and correct copies of the sentences.

The sole point of appellant's petition, that the sentences which he is serving are as stated in the record submitted to this Court in his former appeal from his convictions, is plainly without merit. Neither the form,

nature, length, nor any other feature of his sentences was involved in that appeal, so there was no necessity to set them out in full or even at all; they were casually mentioned in the disposition of the appeal as punishment of six and a half years imprisonment. 218 S. C., at page 111, 62 S. E. (2d), at page 102. The details of them were irrelevant to the appeal and had no proper place in the transcript. Section 3 of Rule 4, *supra*.

A reading of the opinion of the court, cited above, reference to which should be had, will further show that all of the points made in the appeal were painstakingly considered and each decided adversely to the appellant. Incidentally, he was faithfully and skillfully represented at the bar of this court by able and long-experienced counsel.

After the hearing upon the writ and before formal order thereupon, the lower court indulgently allowed appellant to file what he styled a traverse to the return by means of which he tendered other claimed issues and his appeal from unfavorable decision thereabout will now be discussed. The sentence for burglary was for seven years upon the public works of the county or the same in the penitentiary, now quoting from it: "Provided that upon the service of five (5) years that the balance of the aforesaid sentence be and the same is hereby suspended and that the said defendant is hereby placed on probation for a period of five years under the supervision of South Carolina Probation and Parole Board," etc., in the usual form of such suspended sentences, with further provision as follows: "This sentence to run concurrently with other sentence imposed on this date." The sentence for assault and battery with intent to kill was for ten years' hard labor on the public works of the county or the same in the State Penitentiary, quoting now from it: "Provided that upon the service of 6½ years that the balance of the aforesaid sentence be and the same is hereby suspended and that the said defendant is hereby placed on probation for a period of five years," etc.; and it included the provision, as follows: "This sentence to run concurrently

with sentence on burglary count." Both sentences were signed by the presiding judge on September 23, 1949. His intention that the sentences should run concurrently need not have been expressed. *Finley v. State,* 219 S. C. 278, 64 S. E. (2d) 881.

The contention thereabout is that the suspension of the seven year sentence after five years' service of it conflicts with the ten year sentence which is not suspended until after 6½ years' service of it; that the suspension of the seven year service after five years and ensuing custody of the Parole Board cannot be postponed or suspended during the 1½ years which will remain to be served upon the ten-year sentence; and that the contended conflict renders the sentences void. The statute limits suspension under probation to five years. Section 55-594, Code of 1952.

When one of two sentences to be served concurrently is shorter than the other it passes out of the picture at the end of the term of it simply because it is completed. 15 Am. Jur. 123, Criminal Law, sec. 465. 24 C. J. S., Criminal Law, 1235 *et seq.,* § 1996. Concurrency of sentences means that a prisoner is permitted to serve both at the same time and he will complete the shorter before the longer, if they are of different lengths, but he must complete the longer. Looking to the future, because appellant has served only about three years, when five years' service is completed, appellant will continue service upon the longer, ten year term, until the required portion of it, 6½ years, is completed. One and one-half years of his probationary period of the seven year sentence will pass at the same time, so benefit, rather than injury, will result to him. In no event can he be held on probation for more than five years after completion of the required years of service of the longer term. Parenthetically, the terms of the sentences and the respective required periods of service of them before suspension and parole have been stated without consideration of such reduction of them as appellant may earn by reason of good behavior. Sections 55-8 and 9, Code of 1952. *Finley v. State,*

*supra.* It is not contended that these beneficent provisions of the statutes are applicable at this time.

The foregoing was understood by appellant's counsel in his appeal from his convictions, and by the Solicitor, which is shown by the following quotation from the Statement in the transcript of record, after the reference to the sentences mentioned above: "Both sentences were dated the 23rd day of September 1949, and the effect of the sentences was to require the defendant to be confined for a period of six and one-half (6½) years and to be placed on probation for five (5) years as to the remaining three and one-half years total sentences." There is a coincidence or concurrency in the first 1½ years of suspension of the burglary sentence and the last 1½ years of service (before suspension) of the assault, etc., sentence, but no more conflict or inconsistency than in all concurrent sentences; it might with as much reason be argued that all such are conflicting and inconsistent, but they are nevertheless generally upheld when authorized by statute, and appellant is the beneficiary.

Appellant admits in his brief in chief that when a longer sentence, quoting him, "is stipulated first, a second and shorter sentence can of course run concurrently with the first and larger sentence." He continues with the following *non sequitur:* "But when a shorter sentence is specified first, it is impossible for a second and longer sentence to run concurrently." No reason is suggested, and none apparent, for this conclusion. Moreover, appellant's sentences resulted from a verdict of guilty upon two counts of a single indictment and were passed at the same sitting of the court, and bear the same date. There is no showing in the record as to which was pronounced first or which written sentence first signed by the court; and that would be immaterial under the other circumstances, if shown. The sentences must be regarded as contemporaneous and neither of them first or last, which is sufficient answer, in itself, to this contention.

Appellant was convicted and sentenced when the Code of 1942 was in force. The following sections of it, which are quoted in part, have been called to our attention:

"1035. In every case in which imprisonment is provided as the punishment, in whole or in part, for any crime, all able-bodied male convicts shall hereafter be sentenced to hard labor on the public works of the county in which convicted, if such county maintains a chaingang, without regard to the length of the sentence, and in the alternative to imprisonment in the county jail or state penitentiary at hard labor: * * * provided, further, should the supervisor or commissioner of any county find that it is inconvenient or impracticable to work any convict committed to the county chaingang, he may turn said convict over to the penitentiary authorities: * * *."

"1036. All the courts of this State and municipal authorities which, under existing laws, have power to sentence convicts to confinement in prison with hard labor, shall sentence all able-bodied male convicts to hard labor upon the public works of the county in which said person shall have been convicted, and in the alternative to imprisonment in the county jail or state penitentiary at hard labor: * * *."

"1138. Any person who shall commit the crime of burglary at common law shall, upon conviction, be imprisoned in the state penitentiary, with hard labor, during the whole lifetime of the prisoner: provided, however, that in each case where the prisoner is found guilty, the jury may find a special verdict, recommending him to the mercy of the court, whereupon the punishment shall be reduced to imprisonment in the penitentiary, with hard labor for a term of not less than five years."

"1969. The penitentiary at Columbia, in the county of Richland, shall be the general penitentiary and prison of the State, for the reformation as well as the punishment of all offenders, in which shall be securely confined, employed, and governed, in the manner hereinafter directed, all offenders who shall have been convicted and sentenced according to law to the punishment of solitary imprisonment or confinement therein at hard labor."

The verdict of guilty of burglary in this case carried ∎ with it the jury's recommendation to the mercy of the court, whereby appellant was saved from life imprisonment. In so far as the provision of section 1138 for· imprisonment in the penitentiary is concerned, if it governs the burglary sentence in this case to the exclusion of the other statutes which we need not, and do not, decide, it is being followed because appellant *is* imprisoned in the penitentiary. Likewise, if appellant were otherwise entitled to be committed to the public works (chaingang) of the county, he could not require it because of the second quoted provision of section 1035, *supra*. He alleged in his petition in this pro- two years to obtain transfer to the custody of the county ceeding that he had made repeated efforts during the past authorities, which had been refused and reference is further made in the petition to the repeated refusal of the county supervisor to accept custody of him. Determination of the present applicability of the requirement of section 1138 of imprisonment in the penitentiary is further obviated by the concurrent sentence for assault and battery with intent to kill, which is for a longer term and is unaffected by the provision of the section which relates only to sentences for burglary. The imprisonment of appellant in the penitentiary is referable as well to one of the sentences as the other. There is yet another reason for denial of the writ with respect to the sentence for burglary. *Habeas corpus* will not lie to correct the place of imprisonment in a sentence nor will a prisoner be released for error therein. *Ex parte Bond,* 9 S. C. 80, 30 Am. Rep. 20, 25 Am. Jur. 189, *Habeas Corpus,* sec. 63.

In apparent contradiction of his original position ∎ thereabout, appellant argues in his reply brief as follows, quoting from it: "Appellant does not say that a simple, unrestricted seven-year sentence and a 10-year sentence cannot run concurrently. * * * But appellant most emphatically does say that a seven-year sentence, suspended upon service of five years at which time a stipulated period

of probation begins to run, terminates the remaining concurrent portion of the ten-year sentence." For the reasons pointed out above, we do not think that such construction and effect are warranted, but if they were it would be of no present advantage to appellant and would not entitle him to release from custody at this time.

A further belated contention of appellant is that the comitment of him to the penitentiary was irregular, and therefore void, because it bore the date of the imposition of the sentences rather than the date of the actual incarceration. Indeed, the commitment consisted of certified copies of the sentences which, of course, included the coincidental dates of them. There is no statutory or other prescribed form of commitment, in lieu of which certified copies of the sentences imposed upon committed convicts are ordinarily used. There is thereby no prejudice or other effect upon the rights of the prisoner. In this case the sentences were imposed and dated September 23, 1949, after which and pending appeal appellant was free on bond. Upon decision by this court whereby the judgment of the trial court was affirmed and when the decision was remitted to that court, appellant was committed to the penitentiary on November 15, 1950, under the proper authority of the sentences, certified copies of which were furnished to the penitentiary. No defect or other irregularity appears. Under Act No. 718 of 1948, 45 Stat. 1808, now section 55-11 of the Code of 1952, service of the sentences, which was stayed by the appeal pending it pursuant to section 1031 of the Code of 1942, is reckoned from the date of the commencement of the service of the sentences, which in this case was November 15, 1950.

All of the contentions made by appellant in his petition and in his lengthy briefs have been carefully considered and found to be without merit. What has been said disposes of them and, therefore, of his related contentions of denial of due process of law and equal protection of the laws, guaranteed to him under the State and Federal Constitutions,

and no further discussion is needed to show that they are untenable.

The exceptions are overruled and the order of the lower court is affirmed.

BAKER, C. J., TAYLOR and OXNER, JJ., and J. M. BRAILSFORD, JR., Acting Associate Justice, concur.