### 24311. GRIMES, Sheriff v. GREER.

UNDERCOFLER, Justice. Edward Thomas Greer brought a petition for habeas corpus against Ralph Grimes, Sheriff of Fulton County, for his release from custody claiming that his sentence had been served. The evidence shows that the petitioner had been sentenced by the Superior Court of Muscogee County on August 2, 1965, to one year in prison for possession of an automobile with an altered serial number. The petitioner appealed his conviction to the Court of Appeals of Georgia and was released on an appeal bond. On September 13, 1965, he was apprehended and subsequently convicted in the United States District Court for the Middle District of Georgia on federal charges of conspiracy to violate the National Motor Vehicle Theft Act and was sentenced to three years and two months in prison. This sentence was affirmed on appeal and began to run on April 15, 1966, when he was arrested by the federal authorities and lodged in the Muscogee County jail as a federal prisoner. He remained so incarcerated until May 12, 1966, when he was placed in the federal penitentiary. The Court of Appeals of Georgia affirmed his conviction on the State offense and the remittitur was filed in the Superior Court of Muscogee County on May 9, 1966. The petitioner was paroled by the federal authorities and delivered to the respondent sheriff on June 5, 1967. On the habeas corpus hearing, the trial court ordered the petitioner released from such custody and the respondent appeals from this judgment. *Held:*

The petitioner contends that he was entitled to be released on the habeas corpus hearing under *Code Ann.* § 27-2510 (Cobb, 836; Ga. L. 1956, pp. 161, 168; Ga. L. 1964, p. 494) which provides in part that: "(b) Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served concurrently, the one with the other, unless otherwise expressly provided therein."

"Except as the rule is changed by statute to the contrary, two or more sentences imposed by courts of different sovereignties, such as two states, or a state and the United States, and silent as to their cumulative or concurrent character, will ordinarily be construed as consecutive and not concurrent. . ." 24B CJS 677, § 1996 (6).

The power to prescribe penalties to be imposed for the commission of crime rests with the legislature and is part of the sovereign power of a State to maintain social order. 21 AmJur2d 542, § 577. Generally, penal laws have no extraterritorial effect. Therefore, in the absence of unequivocal language to the contrary, penal statutes will be limited in their application to the penal system of this State. In the statute under consideration there is only reference to "different courts" and there is no expression of the legislature that sentences imposed by courts of different sovereignties are to be credited as service of sentences for offenses against the State of Georgia. Had the legislature intended for the statute to apply to sentences of the courts of other sovereignties, it would have so stated in specific and uncertain terms. It is clear then that the statute contemplates and intends that the provisions thereof apply only to sentences imposed by different courts of this State. If we held otherwise, we would be extending the statute beyond its expressed terms. The service of a sentence for a federal offense cannot satisfy a sentence for a State offense by operation of this statute. See Courtney v. Thompson, 358 Ill. 81 (9) (192 NE 693); Hesley v. Ragen, 396 Ill. 554 (8, 9) (72 NE2d 311); and Winelander v. Denno, 195 NYS2d 165 (9 AD2d 898).

The mere fact that the petitioner was a federal prisoner temporarily in the custody of the Sheriff of Muscogee County when the remittitur was received in the trial court from the Georgia Court of Appeals affirming his State conviction would not alter this conclusion.

The trial court erred in not remanding the prisoner to the custody of the respondent.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1967—DECIDED SEPTEMBER 21, 1967.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Joel C. Williams, Jr.,* for appellant.

*Edward B. Everett,* for appellee.