## 29265. HUDDLESTON v. RICKETTS.

UNDERCOFLER, Justice.

Gene Herschel Huddleston was indicted for armed robbery on October 1, 1968, in Fulton Superior Court. At the time of his indictment he was in the State of Nevada on bail awaiting trial for two armed robbery charges in that state. A Georgia fugitive warrant was served on him on October 10, 1968, and his bail in Nevada was revoked. On December 30, 1968, he was tried in Nevada and received two ten-year concurrent sentences for armed robbery. The appellant contends that after his Nevada conviction, he immediately sought a trial in Georgia on his armed robbery indictment. On February 17, 1970, he was convicted by a Fulton County jury and sentenced to ten years. The jury did not specify whether the Georgia sentence was to run concurrently or consecutively with his Nevada convictions but the trial court specified that the Georgia sentence was to run consecutively to the Nevada sentences. On September 6, 1972, the appellant was paroled in Nevada and was returned to Georgia on November 2, 1972, to begin service of his 1970 Georgia sentence. The applicant filed a petition for habeas corpus relief which was denied. He appeals to this court. *Held:*

1. The appellant contends that the failure of the state to respond to his habeas corpus petition within twenty days as required by Code Ann. § 50-127 (6) required the habeas corpus court to grant a default judgment in his favor. We do not agree with this contention. The appellant alleges no specific prejudice to him from the state's procedural error, and, in any event, "disobedience of a respondent to a writ requiring him to answer within a stated time may subject him to punishment for contempt but it does not require release of the prisoner." *Beavers v. Smith,* 227 Ga. 344, 345 (180 SE2d 717); *Bailey v. Baker,* 232 Ga. 84 (1) (205 SE2d 278).

2. The appellant argues that under the rulings of this court in *Wade v. State,* 231 Ga. 131 (200 SE2d 271); *Gandy v. State,* 232 Ga. 105 (205 SE2d 243); and *Shockley v. State,* 232 Ga. 154 (205 SE2d 246) which cases construed Code Ann. §§ 27-2502, 27-2534 and 27-2510 together, the

jury must specify that the sentences imposed run consecutively and, if they fail to do so then the sentences must run concurrently. The appellant contends that since the jury did not specify that his Georgia sentence was to run consecutive to the sentences of the Nevada court, that the trial court had no authority to order his sentence to run consecutively.

Pretermitting the question of whether this appellant can now raise this issue on habeas corpus, we hold that his contentions are without merit.

In *Grimes v. Greer,* 223 Ga. 628 (157 SE2d 260) this court held that the provisions of Code Ann. § 27-2510 (as amended, Ga. L. 1956, pp. 161, 168; 1964, p. 494) did not apply to sentences imposed by courts of different sovereignties, such as two states, or a state and the United States. The rule established in the *Grimes* case was followed by this court in *Taylor v. Green,* 229 Ga. 164 (190 SE2d 66).

It follows that the trial court did not err in ordering the Georgia sentence to be served consecutively to the Nevada sentence.

3. The appellant argues that his Georgia sentence should begin on the date of his Georgia conviction of February 17, 1970, even though at that time he was serving his Nevada sentences and was in Georgia merely because of his demand for trial here.

Pretermitting the question of whether the appellant can raise this issue here, there is no merit in his contention. In Headnote 2 of this opinion we held that the sentences imposed by two sovereignties do not run concurrently. Therefore, the Georgia sentence of the appellant did not begin to run until after the completion of his Nevada sentences.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 4, 1974 — DECIDED OCTOBER 25, 1974.

Gene H. Huddleston, *pro se.*
*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.