## 37573. WHEELER v. JERNIGAN.

JORDAN, Chief Justice.

Appellant brought his petition for habeas corpus, seeking on Sixth, Eighth and Fourteenth Amendment grounds to have his concurrent state prison sentences of nine years each on three counts of burglary imposed on December 9, 1977, to run concurrently with a five-year federal sentence he had received on September 2, 1977, for illegal sale of firearms. The habeas court denied relief, concluding that where there is no reference to the contrary in the sentence itself, sentences imposed by two sovereignties do not run concurrently. Appellant then filed his application with this court for a certificate of probable cause to appeal which we granted. We reverse.

This court has consistently held that sentences imposed upon convictions by the courts of state jurisdictions run concurrently unless there is an express mention that they are to be served consecutively. *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973); *Gandy v. State,* 232 Ga. 105 (205 SE2d 243) (1974).

We have consistently ruled to the contrary when two or more sentences have been imposed by courts of different sovereignties, such as two states, or a state and the United States, such as in the instant case. *Grimes v. Greer,* 223 Ga. 628 (157 SE2d 260) (1967); *Taylor v. Green,* 229 Ga. 164 (190 SE2d 66) (1972); *Huddleston v. Ricketts,* 233 Ga. 112 (210 SE2d 319) (1974).

However, in the instant case the transcript of the trial court shows some confusion as to whether the sentences were meant to run concurrently with the federal sentence. The transcript shows the state court to have stated:

"The only thing I'm going to do is pass sentences that would be effective as to today. Of course, they would date back to the date of the arrest. What I'm simply saying is that I think what he (the federal judge) does with his sentence may be somewhat affected by what I do. I can't say that it will run current, but maybe it will. That's just up to him. The only thing I can do is impose the sentence here today and this is what I'm going to do."

Appellant suggests that the confusion by the sentencing court may have arisen from the federal sentence, imposed prior to the state sentence and at a time when the appellant was under no other sentences, that provided the federal sentence was to be served consecutively to all state sentences. We agree with the appellant that it is not the state's burden to effectuate the intentions of the federal sentencing judge.

Moreover, appellant introduced a letter written by the trial court judge to his case manager in the United States penitentiary stating "since the sentence I imposed on December 9th said it was to be computed from that date I assume that he is getting credit for the state sentence while he is serving the federal sentence."

From the total circumstances of the case, it reasonably can be concluded that the state court intended the state sentences to run concurrently with the federal sentence. This is unlike *Huddleston,* supra, relied on as authority by the habeas court. In *Huddleston,* the trial court judge expressly imposed a sentence to run consecutively with an out-of-state sentence after the jury had made no specification as to whether the sentence was to run consecutively or concurrently.

Appellant's state sentence should be computed from the date it was imposed.

*Judgment reversed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED OCTOBER 14, 1981.

*Roger A. Baruch,* for appellant.

*Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.