22347

Ronnie J. COBB, Sr., Petitioner, v. STATE of South Carolina, Respondent.
(332 S. E. (2d) 530)

Supreme Court

*Assistant Appellate Defender Tara D. Shurling,* of *S. C. Office of Appellate Defense,* of Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. William A. Ready, III,* all of Columbia, *for respondent.*

Submitted June 7, 1985.

Decided July 2, 1985.

HARWELL, Justice:

This is an action for post-conviction relief involving the question whether a South Carolina circuit judge has authority to impose a sentence upon a criminal defendant to be served concurrently with a sentence he is serving in another state. We affirm the denial of post-conviction relief on a different ground from that stated in the trial court's order.[1]

The Petitioner Ronnie James Cobb was sentenced in North Carolina to 80 years imprisonment for assaulting a thirteen-year-old girl. He subsequently pleaded guilty in South Carolina to rape. The judge sentenced him under the terms of a plea bargain to 30 years, to run concurrently with his North Carolina sentence. While in prison in North Carolina, the Petitioner received a letter from the South Carolina Department of Corrections stating that he would not be given credit in South Carolina for the time he was serving in North Carolina. He initiated post-conviction relief proceed-

---

[1] Pursuant to Supreme Court Rule 4, § 8, this Court can sustain an order upon any ground appearing in the record.

ings seeking to be resentenced in light of his supposed erroneous sentence.

The post-conviction relief judge ruled that the language requiring the sentence to be served concurrently was "surplusage" and that the 30-year sentence must be deemed to run consecutively with the North Carolina sentence. We disagree and uphold the original sentence.

We hold that a South Carolina judge has authority to ■ impose a sentence to run concurrently with a sentence already being served in another state. *See Brock v. Sowders*, 610 S. W. (2d) 591 (Ky. 1981); *People v. Lewis*, 193 Colo. 203, 564 P. (2d) 111 (1977); 57 A.L.R. (2d) 1410 (1958); S. C. Code Ann. §§ 24-11-10 *et seq.* (1976) (The Interstate Corrections Compact). The provisions of our Code and Constitution conferring upon the Department of Corrections the right to designate the place where convicts serve their sentences within South Carolina[2] do not invalidate a sentence specifying that the time shall be served concurrently with a sentence in a sister state.

The Petitioner shall be given credit on his South Carolina sentence for the time he serves in North Carolina. Prior to his release from custody in that state, the prison authorities of this state shall determine whether he has fully served the term of imprisonment specified by the South Carolina sentence.

The Petitioner's sentence of 30 years to run concurrently with his North Carolina sentence, is valid. The judgment below is, accordingly,

Affirmed as Modified.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, JJ., concur.

---

[2] S. C. Constitution Article XII, §§ 2, 9; S. C. Code Ann. §§ 24-3-20, 24-3-30 (1976), as amended.