**The STATE of Utah, Plaintiff and Respondent,**

v.

**Scott Thomas REED, Defendant and Appellant.**

**No. 20388.**

Supreme Court of Utah.

Nov. 4, 1985.

Brooke C. Wells, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Pursuant to a plea bargaining arrangement, defendant pleaded guilty to four counts of aggravated robbery and one count of second degree murder. He appeals from the trial court's ruling that his sentences for these convictions should be served consecutively to a sentence he was then serving in California.

Initially, in sentencing defendant, the trial court ordered that the sentences he imposed be served consecutively and not concurrently. However, he did not specify whether those sentences were to be served concurrently with his California sentence. (It is not clear that the court was aware of the California term.) After sentencing, defendant filed a motion to clarify whether the sentences imposed were to run concurrently or consecutively with his California sentence. The court thereupon stated that the sentences were to be served consecutively to that imposed in California. Defendant now claims that the trial court erred in three respects: (1) the trial court's initial failure to make defendant's sentences consecutive to his California sentence entitles him to have his sentences run concurrently with the prior California sentence; (2) the trial court exceeded its jurisdiction by modifying the earlier sentences it had pronounced; and (3) the trial court exceeded its jurisdiction when it lengthened defendant's earlier sentence.

Utah Code Ann., 1953, § 76–3–401(1) provides: "Sentences shall run concurrently unless the court states, in the sentence, that they shall run consecutively." This statute speaks only to sentences imposed by Utah courts and is silent in its application to sentences previously imposed by sister states. However, the majority of jurisdictions subscribe to the rule that this type of statute does not apply to sentences which are imposed by two independent sovereigns and therefore the sentences should run consecutively unless the sentencing court expressly directs otherwise. *State v. Smith*, Mo.App., 633 S.W.2d 253 (1982); *Wheeler v. Jernigan*, 248 Ga. 302, 282 S.E.2d 891 (1981); *Herman v. Brewer*, Iowa, 193 N.W.2d 540 (1972); *Grimes v. Greer*, 223 Ga. 628, 157 S.E.2d 260 (1967). The rationale behind this rule is that penal laws are limited in their application to the penal system of the respective state. *Grimes v. Greer, supra.*

 The district court acted properly in clarifying defendant's sentence. This clarification was made at his own request. The court neither modified nor lengthened the sentences it had earlier pronounced, but only followed the general rule that multiple sentences are construed as consecutive when they are imposed by different sovereigns. Absent legislative enactment to the contrary, we choose to follow that rule and not accord extraterritorial effect to section 76–3–401(1).

Affirmed.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.