22510

STATE of South Carolina, Petitioner v. Michael FURMAN, Respondent.

(341 S. E. (2d) 795)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. William A. Ready, III,* Columbia, *for petitioner.*

*Asst. Appellate Defender Joseph L. Savitz, III,* of *South Carolina Office of Appellate Defense,* Columbia, *for Respondent.*

Writ Issued Oct. 9, 1985.

Submitted Feb. 26, 1986.

Decided March 24, 1986.

HARWELL, Justice:

The lower court determined that respondent's South Carolina and Georgia sentences ran concurrently. In its Post-Conviction Relief Order, the lower court accordingly held that respondent was entitled to credit on his South Carolina sentence for the period of time that he was incarcerated in Georgia. We disagree and reverse.

In March of 1968, respondent was convicted of voluntary manslaughter in South Carolina and sentenced to imprisonment for twelve years. Following his conviction, respondent was released on appeal bond pending the resolution of his direct appeal to this Court. While out on appeal bond, respondent was arrested in Georgia and charged with murder. He was convicted in January of 1970 and sentenced to life imprisonment. He served approximately thirteen years and five months on his life sentence. Upon his release from the Georgia Correctional Institution on June 1, 1983, respondent began serving his South Carolina sentence.

Respondent filed an application for Post-Conviction Relief, asserting that his South Carolina sentence had run concurrently with his previously served Georgia sentence. The State filed its Return and Motion to Dismiss asking that the application be summarily dismissed. At respondent's Post-Conviction Relief hearing, the judge issued an order granting relief and giving respondent credit on his South Carolina sentence for the period of time that he was incarcerated in Georgia. We granted petitioner's Writ of Certiorari in this matter.

The sole issue in this case is whether the South Carolina sentence and the Georgia sentence ran concurrently. When the respondent was sentenced in South Carolina, it would have been impossible for the South Carolina judge to order the sentence to run concurrently, when at that time no other sentence had been imposed on the respondent. In fact, the respondent had not even committed the Georgia crime at the time he was sentenced for the South Carolina crime. It was therefore up to the Georgia judge to determine, at the time of sentencing, whether the Georgia sentence was to run concurrently with the South Carolina sentence. In *Wheeler v. Jernigan*, 248 Ga. 302, 282 S. E. (2d) 891 (1981), the Georgia Supreme Court noted that convictions by the courts of state jurisdictions run concurrently unless it is expressly noted that they are to run consecutively. This same principle applies in South Carolina. *Finley v. State*, 219 S. C. 278, 64 S. E. (2d) 881 (1951).

The court in *Wheeler* went on to say, "We have consistently ruled to the contrary when two or more sentences have been imposed by courts of different sovereignties, such

as two states, or a state and the United States. . . . *Grimes v. Greer*, 223 Ga. 628, 157 S. E. (2d) 260 (1967); *Taylor v. Green*, 229 Ga. 164, 190 S. E. (2d) 66 (1972); *Huddleston v. Richetts*, 233 Ga. 112, 210 S. E. (2d) 319 (1974)." *Wheeler*, 248 Ga. at 302, 282 S. E. (2d) at 892. In cases where sentences are imposed by two different sovereignties, the sentence will run concurrently only if so specified. *See Cobb v. State*, 286 S. C. 92, 332 S. E. (2d) 530 (1985) (The right of the Department of Corrections to designate where convicts shall serve their sentences in South Carolina does not invalidate a sentence *specifying* that the time shall be served concurrently with a sentence in another state). Respondent concedes that there was no specification by the sentencing judge in Georgia as to whether this sentence was to run consecutively or concurrently with the South Carolina sentence. Since the two sentences were imposed by different sovereignties and the Georgia court did not specify how the sentences were to run, the sentences are to run consecutively. Respondent must serve his twelve year South Carolina sentence without any credit for service of his Georgia sentence.

Reversed.

NESS, C. J. and GREGORY, CHANDLER and FINNEY, JJ., concur.