**James Ralph PLYMALE, Petitioner,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–135–E.**

United States District Court
N. D. West Virginia.

Aug. 12, 1969.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Morton I. Taber, Asst. Atty. Gen., Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner is presently incarcerated in the West Virginia State Penitentiary at Moundsville, West Virginia, serving three (3) one to ten year sentences imposed by the Criminal Court of Marion County, West Virginia, on the 25th day of September, 1954, upon Petitioner's pleas of guilty to three acts of breaking and entering. The sentences received were to run concurrently.

Petitioner has filed for a writ of habeas corpus in this Court, pursuant to 28 U.S.C.A. §§ 2241 et seq. Having exhausted his right of seeking habeas corpus relief in both the Circuit Court of Marion County and the West Virginia Supreme Court of Appeals, this Court now properly considers Petitioner's request for a federal writ of habeas corpus.

On September 25, 1954, Petitioner commenced serving his sentence. He was released on parole on November 15, 1956. This parole was revoked on March 14, 1958, but the effective date of the revocation was as of February 27, 1958. He was again released on parole on June 26, 1959, but this parole was revoked on March 13, 1961, the effective date of the revocation being as of July 28, 1960. Petitioner escaped from the West Virginia State Penitentiary on June 20, 1961. While absent from the penitentiary, Petitioner was charged, on information by the state attorney for the Eleventh Judiciary Circuit of Florida, County of Dade, and pleaded guilty to three acts of robbery and two acts of assault with intent to commit murder in the first degree. Sentence was imposed upon each act.

Petitioner was paroled from Florida on June 3, 1968, and returned to the West Virginia State Penitentiary on June 6, 1968. According to Respondent the sentence which he served there expired on May 29, 1969, but he presently remains in custody at the penitentiary, apparently serving the 609 days of good time lost because of his escape in 1961. See Petitioner's rebuttal, Exhibit D.

Petitioner, seeking a federal writ of habeas corpus pursuant to Title 28, § 2254, United States Code, contends that West Virginia by holding him under the foregoing circumstances is depriving him of his liberty without due process of law as guaranteed to him under the Fourteenth Amendment of the United States Constitution. He does not challenge his conviction by the Circuit Court of Marion County and he admits that he was legally sentenced thereby. He does claim, however, that West Virginia lost jurisdiction over his person when it did not extradite him immediately following his arrest and apprehension in the State of Florida. In the alternative, he argues that if West Virginia did not lose jurisdiction, then it was without authority to order him reimprisoned because he had constructively served his West Virginia sentence while confined, under another sentence, in the Florida prison.

It is the opinion of this Court that neither ground is tenable, and, therefore, federal habeas corpus relief cannot be granted.

This Court recently considered a similar contention in the case of Lawson v. Coiner, 291 F.Supp. 79 (N.D.W.Va. 1968). Petitioner's first argument in the immediate case is much the same as that of Lawson who was a fugitive from parole in West Virginia at the time of his involvement with the criminal authorities of another jurisdiction. Lawson allegedly stole a truck in Illinois and was arrested in Ohio. Both West Virginia and Illinois indicated a desire to proceed against him. Lawson waived extradition proceedings to the Illinois authorities. After serving a sentence for auto larceny in Illinois, he was returned to West Virginia where his parole was revoked and he was incarcerated. Lawson then challenged the decision of the Parole Board to revoke his parole, alleging that West Virginia relinquished jurisdiction by failing to extradite him from Ohio, and therefore, cannot now

constitutionally order him to complete his sentence. As this Court stated, 291 F.Supp. 81, this contention is rendered devoid of merit by a memorandum decision of the Fourth Circuit Court of Appeals, Turner v. Boles (4th Cir. # 11,-692, April 3, 1968). The court in *Turner* dismissed a similar claim citing Banks v. O'Grady, 113 F.2d 926, 927 (8th Cir. 1940), which states "when a person has violated the criminal statutes of two different sovereigns, it is for the sovereigns and not the criminal to settle which shall first inflict punishment * * *. The power and right to punish the violator of its laws is not lost by a state because it consents to waive the infliction of punishment pending punishment by another state of the same criminal for the violation of its laws * * *."

 In the immediate case, as in *Lawson*, West Virginia passively acquiesced to the actions of another sovereign state, which were consistent with the jurisdiction which they had acquired over the fugitives from supervision in West Virginia. Therefore, West Virginia, by permitting Florida to prosecute and punish Petitioner pursuant to their laws, did not forfeit its right to require Petitioner to fulfill the obligation imposed upon him by the Circuit Court of Marion County, West Virginia. The action in Florida only postponed the right of West Virginia to punish the Petitioner until Florida had completed its jurisdiction of the Florida offense.

Petitioner also argues alternatively that if West Virginia did not lose jurisdiction, then it was without authority to order him reimprisoned because he had constructively served his West Virginia sentence while confined under another sentence in the Florida prison.

It is clear that one under an escape status in West Virginia cannot be given credit for time served in a Florida prison for violation of the Florida statutes. Furthermore, an escape does not operate as a suspension of sentence as Petitioner alleges. An escape is an unlawful departure from lawful custody, whereas, a suspended sentence is in all effects lawful. It is merely a postponement or temporary cessation of a judicial sentence.

Also, time accumulated by Petitioner for good behavior may justifiably be forfeited by his misconduct, i.e., escape. "Allowance of gained time is a discretionary act of the State prison administrative body and their decisions as to its allowance will not be upset by the federal courts unless their actions are clearly arbitrary or capricious." Kelly v. State, 276 F.Supp. 200, 210 (E.D.N. C. 1967). Therefore, this contention of the Petitioner is wholly without foundation. The authority which he cites in support of it is not pertinent to the issue to be decided.

For the reasons stated above, it is ORDERED that the prayer of the petition is denied and the petition is hereby dismissed and retired from the docket of this Court.

If Petitioner desires to appeal, written notice of appeal must be received by the Clerk of this Court within 30 days from the date of this order. The notice of appeal should also include a request for a certificate of probable cause which is required for an appeal by 28 U.S.C.A. § 2253. These papers should be submitted in duplicate.