William Mitchell VAUGHN, Petitioner,

v.

COMMONWEALTH OF VIRGINIA, Respondent.

Civ. A. No. 69–C–46–D.

United States District Court
W. D. Virginia,
Danville Division.

Dec. 19, 1969.

William Mitchell Vaughn, pro se.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION

WIDENER, District Judge.

This proceeding is a petition for a writ of habeas corpus filed *in forma pauperis* under the provisions of 28 U. S.C. § 2241 by William Mitchell Vaughn.

Petitioner was convicted in the Circuit Court of Halifax County, Virginia, on March 17, 1942, of second degree murder. He was sentenced to serve fifteen years in the penitentiary. Subsequent to two escapes, the petitioner was paroled on December 28, 1948, after having served six years and nine months of his fifteen year sentence.

In July 1954, petitioner, while on parole for the Virginia offense, was convicted in Vance County, North Carolina, of first degree murder and sentenced to life imprisonment. He is presently in prison in North Carolina. The Virginia Parole Board, upon learning of petitioner's North Carolina detention, revoked his parole and placed a detainer against him with the North Carolina authorities.

Petitioner contends that he is still being held pursuant to the fifteen-year sentence which was imposed in 1942 and which petitioner alleges should have expired in 1957, and that this court should hold that Virginia has no right to his custody.

Petitioner's contention was considered and dismissed by the Virginia Supreme Court of Appeals on March 6, 1968, and thus petitioner has exhausted his state remedies in compliance with 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

The crux of petitioner's allegation is that the revocation of his parole upon his conviction and imprisonment in North Carolina should not have operated to toll the running of his fifteen-year Virginia sentence. In other words, petitioner maintains that a fifteen-year sentence is a fifteen-year sentence and nothing can interfere with the running of a term of imprisonment once it has been imposed.

This court, having considered the full record and the cases cited by petitioner, finds that petitioner's allegation is without legal merit.

Virginia parole does not grant a prisoner a license to commit a crime in another jurisdiction. It is illogical to assume the Virginia Parole Board would credit time served by the petitioner in another State, for another crime, against the unserved portion of his Virginia sentence. The Virginia Parole Board does not have custody of the petitioner, and therefore, it cannot be required to give him any credit toward his Virginia sentence until he is once again returned to the control of the Virginia authorities. At the present, so far as the Virginia Parole Board is concerned,

petitioner's "status and rights * * * [are] analogous to those of an escaped convict." Anderson v. Corall, 263 U.S. 193, 196; 44 S.Ct. 43, 68 L.Ed. 247 (1923).

The controlling principle was stated in the leading case of Zerbst v. Kidwell, 304 U.S. 359, 363, 58 S.Ct. 872, 874; 82 L.Ed. 1399 (1938), as follows:

> "Parole is intended to be a means of restoring offenders who are good social risks to society; to afford the unfortunate another opportunity by clemency—under guidance and control of the Board. Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offense committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified. If the parole laws should be construed as respondent contends, parole might be more reluctantly granted, contrary to the broad humane purpose of Congress [or the States] to grant relief from imprisonment to deserving prisoners."

When petitioner violated his parole and left the custody of the Virginia Parole Board the service of his Virginia sentence about which he complains, was interrupted and suspended, and it will not begin to run again until Vaughn is returned to the custody of the Virginia authorities.

Petitioner apparently contends that the period of 11 months and 2 days he was at liberty as a result of two escapes in Virginia should be credited by the Commonwealth on his sentence. The court does not agree. This contention is without merit.

The entire record has been carefully read, and this court is of opinion that all facts have been adequately disclosed so as not to require any further hearing in the matter. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745; 9 L.Ed.2d 770 (1963).

An order is this day entered dismissing the petition for habeas corpus.