19917

Wivian T. OGLESBY, Appellant, v. W. D. LEEKE and the Attorney General, Respondents.

(210 S. E. (2d) 282)

*O. Fayrell Furr, Jr., Esq.,* of Columbia, *for Appellant,*

. *Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair,* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondents,*

December 2, 1974.

LEWIS, Justice:

Appellant, who, after sentence, escaped, served a sentence in another jurisdiction, and therefore resisted extradition, now seeks through post conviction procedures to obtain credit on his sentence for the time he was absent during the escape. The lower court denied the request for such credit and this appeal followed. The facts are stipulated.

Appellant entered a plea of guilty to housebreaking and larceny and was sentenced on May 20, 1970, to serve a

period of three (3) years, with the sentence to commence on February 7, 1970. While serving this sentence, appellant escaped on July 13, 1970, went to the State of New York, and committed a crime for which he was sentenced on January 21, 1972. He completed the service of the New York sentence on September 7, 1972.

While appellant was confined in New York, a detainer was filed against him there, requesting that he be held for the State of South Carolina upon the completion of that sentence. He thereafter refused to waive extradition. Extradition was finally granted and he was returned to prison in South Carolina on January 18, 1973, for completion of the service of the three (3) year sentence imposed in 1970.

After appellant filed his present application for post conviction relief, he entered a plea of guilty to escape and was sentenced to serve for "eighteen months consecutive to the present sentence."

Appellant contends that (1) he should be given credit against his 1970 sentence for the entire period that he was away because of his escape; (2) if not for the entire time, then for the period of his incarceration in the State of New York; and, (3) if not entitled to credit for the foregoing, he should be given credit for the period of time between the completion of his New York sentence and his return to South Carolina, a period of four (4) months and eleven (11) days, during which he was being extradited.

There is no merit in either contention of appellant and the lower court properly denied him credit for any of the time he was away during his escape, whether his absence be chargeable to his simply being on the run, or serving a sentence in New York, or resisting extradition.

Appellant's entire absence was because of his escape and his resistance to efforts of the State of South Carolina to effect his return for the service of his sentence. It is undisputed that no part of his absence or imprisonment in New

York was in execution of the South Carolina sentence and he is entitled to no credit for any of the time during his escape.

As a general rule, a sentence can be satisfied only by death, service of the required time, or relief therefrom by competent authority. Under the present facts, the escape of appellant tolled the running of the sentence he was then serving and the time of his imprisonment under that sentence did not again begin to run until his return to the South Carolina prison on January 18, 1973. 21 Am. Jur. (2d) Criminal Law, Section 545; 24B C. J. S. Criminal Law § 1995(7); *Vaughn v. Commonwealth of Virginia*, D.C., 307 F. Supp. 688; *Phillips v. Dutton*, 5 Cir., 378 F. (2d) 898.

Appellant, of course, is now under an eighteen (18) month consecutive sentence for escape, which will begin immediately upon the completion of the service of the 1970 sentence.

Section 55-6 of the 1962 Code of Laws provides that should an escapee be recaptured elsewhere than in this State "sentence to be imposed in addition to any remaining unserved portion of the original sentence shall be not less than one year nor more than three years, such sentence to be consecutive to any other sentences theretofore imposed upon such escapee by any court of this State." Appellant argues that the foregoing provisions mean that, unless the trial judge resentences the escapee to the remaining unserved portion of the original sentence, the original sentence automatically expires. Since the trial judge did not resentence appellant to the unserved portion of the original sentence, he contends that the original sentence ended on February 7, 1973, three years from its imposition, and his consecutive sentence began on that date. There is no merit in the contention.

The foregoing statute clearly and plainly states that the sentence imposed thereunder upon an escapee shall be "in

addition to any remaining unserved portion of the original sentence," and "consecutive to any other sentences theretofore imposed upon the escapee by any court of this State." The judge who sentences an escapee under Section 55-6 is granted no power to interfere with the original sentence. The fact that he does not mention the original sentence has no effect upon its force. It simply remains in effect until satisfied by service of the imprisonment in accordance with its terms.

In 1973 the General Assembly adopted an amendment to Section 55-11 of the 1962 Code of Laws (Act No. 146, 1973 Acts of the General Assembly, page 181), which requires the allowance of credit for "time served prior to trial and sentencing." The amendment became effective on April 6, 1973, after appellant had been returned to the State of South Carolina and was awaiting trial for the escape. Assuming that the subsequently adopted amendment would apply, it could have no effect on the decision of the issues here. The requirement that credit for presentence jail time be given was specifically made inapplicable "(1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense."

The statute gives credit for "time served prior to trial and sentencing." It was clearly not intended to afford credit for the time a prisoner was out of jail during an escape; and also excludes credit for the time appellant served immediately prior to his sentence for escape, since he was then serving a sentence and awaiting trial for a second offense (escape).

Judgment affirmed.

Moss, C. J., BUSSEY and LITTLEJOHN, JJ., and NESS, Acting Associate Justice, concur.