**William R. CARTER, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Feb. 14, 1975.

Certiorari Denied by Supreme Court
May 12, 1975.

Richard R. Clark, Nashville, for appellant.

R. A. Ashley, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, Edward M. Yarbrough, Asst. Dist. Atty. Gen., Nashville, for appellee.

RUSSELL, Judge.

## OPINION

Appellant, William R. Carter, appeals from the dismissal of his petition for the writ of habeas corpus, filed in Davidson County where he is incarcerated in the penitentiary under sentences pronounced in the Criminal Court of Shelby County. While technically no evidentiary hearing was held upon the petition, a hearing was held in which Carter's counsel elaborated upon the facts alleged in the petition and petitioner's theory of the facts was accepted as true and found by the learned trial judge to constitute an insufficient basis for relief. We concur and affirm the dismissal of the petition.

Habeas corpus relief is sought upon these facts: that Carter was convicted of burglary in the Criminal Court of Shelby County on February 1, 1960, and sentenced to not less than nor more than three years; that he escaped from the workhouse on April 22, 1960, and left the State; that he served a six months sentence for burglary in California beginning August 26, 1960; that he served one year in Oregon beginning September 1, 1961, for assault and battery; that he served another year in Oregon beginning September 29, 1962, for grand theft; that he was convicted five or six times in the State of California on misdemeanor charges and served these sentences in the workhouse in the State of California; that he went to Oregon in 1964 and 1965 and there served two different workhouse sentences for misdemeanors before returning to California; that in 1965 or 1966 he moved to Washington State and maintained a clean record until returning to Tennessee in 1972; that in 1973, in a routine check by his new employer, the City of Memphis, his fugitive status was uncovered and he was summari-ly reincarcerated; that about two weeks later he again escaped; that he was subsequently captured and convicted of felonious escape for the most recent escape and given an additional one year penitentiary sentence and sent to the penitentiary, from which incarcerations he now seeks release. He contends that Tennessee authorities had constructive notice of his incarcerations in California and Oregon, that he should have been extradited back to Tennessee, and that the sentences there effectively paid his incarceration debt in Tennessee by being concurrent as a matter of law, and that his last escape should not be considered a crime since under his reasoning he was being illegally held.

There is no valid speedy trial issue here, since Carter was not tried for the first escape. In the initial case that we are dealing with Carter had been tried and simply voluntarily escaped punishment. Tennessee never waived its right to exact the balance of the sentence by failing to catch up with the escapee, who had traveled about as far from Tennessee as he could go and still remain in the contiguous United States. The fact that he was convicted in those states under his correct name is not constructive notice to Tennessee of his availability and whereabouts, as there undoubtedly are hundreds of William R. Carters in this country. Service of jail time in another jurisdiction during a fugitive status certainly does not double as service of the punishment escaped from. There is no contention that he ever, even after returning to this State, gave himself up.

We hold that Carter has not yet served his consecutive Tennessee sentences, and affirm the denial of his petition for the writ of habeas corpus.

WALKER, P. J., and MITCHELL, J., concur.