**Michael Lee WILLIAMS, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 62270.

Supreme Court of Iowa.

June 27, 1979.

Tim G. Pearson, of Hyland, Laden & Pearson, P. C., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Ann Fitzgibbons, Asst. Atty. Gen., for appellee.

HARRIS, Justice.

In this postconviction action Michael Lee Williams seeks to be given credit on a previously imposed and partially served Iowa sentence for time he was later incarcerated in Minnesota for an aggravated robbery he committed while on escape from Iowa custody. The trial court held no such credit should be given and we agree.

On October 18, 1969, Williams was sentenced for an indeterminate term of up to 25 years upon his conviction of robbery with aggravation. § 711.2, The Code 1966. On October 9, 1973, while serving his sentence,

Williams escaped from a half-way house in Cedar Rapids. While on escape Williams committed an aggravated robbery in Minnesota. Upon his plea of guilty Williams was sentenced, March 26, 1974, to a term of three to 20 years in Minnesota. Included in his negotiated plea was a condition that his Minnesota sentence run concurrently with his prior Iowa sentence.

Williams was charged with escape in Jasper County, Iowa. This charge was dismissed following the filing by Williams of a combined petition for writ of mandamus and motion to dismiss. After the Iowa escape charge was dismissed Iowa requested that its detainer on Williams be continued, based solely on his Iowa conviction of robbery with aggravation.

Williams then petitioned for postconviction relief in Minnesota. Following hearing, the Minnesota trial court ruled that his Minnesota sentence should run concurrently with his Iowa sentence. To accomplish this, Williams was released to Iowa on February 28, 1978, and thereafter he was incarcerated in the state penitentiary at Fort Madison. His original Iowa sentence was extended to reflect the time he was not in Iowa's custody.

I. The sole issue in the case is whether Williams's Iowa sentence should be credited for time he was incarcerated in Minnesota following the dismissal of the Iowa escape charge. Williams asks us to reverse *Herman v. Brewer,* 193 N.W.2d 540 (Iowa 1972), which he believes is contrary to his position. He also asks that we adopt *ABA Standards Relating to Sentencing Alternatives and Procedures,* § 3.5 (approved draft, 1968). But we think neither reversal of *Herman* nor adoption of the ABA standard would result in the credit he seeks on his sentence.

■ Williams' Iowa sentence was entered at a time when he was not subject to any other. It was only after he had served a part of his Iowa sentence that he was convicted in Minnesota and received a second sentence. When sentenced in Iowa there was no pending sentence with which his Iowa punishment could be served concurrently. Although his later Minnesota sentence was a concurrent sentence

. . . the imposition of a sentence which is permitted to run concurrently with a prior sentence does not necessarily make the prior sentence run concurrently with the subsequent sentence (cf. *People ex rel. De Santis v. Warden, New York City Penitentiary,* 176 Misc. 844, 29 N.Y. S.2d 266, affd. 262 App.Div. 1003, 30 N.Y. S.2d 845; *People ex rel. Bove v. McDonnell,* Sup., 128 N.Y.S.2d 643, 650, app. dism. 284 App.Div. 937, 137 N.Y.S.2d 345). In other words, a concurrent sentence does not in fact run 'concurrently' unless, and until the prior sentence also begins to run.

*People ex rel. Sanchez v. Zelker,* 70 Misc.2d 1008, 1015, 335 N.Y.S.2d 472, 479 (N.Y. 1971).

In *Sanchez* the petitioner was paroled from his first sentence when he committed a second crime for which he also served a sentence. He argued the second sentence should run concurrently with the first (for which he had been paroled). The argument was rejected in the language quoted.

The facts in *Herman* were converse to the facts here. In *Herman* we held that an Iowa sentence, entered and served subsequently to an unrelated Kansas sentence, would not be construed to run concurrently with the Kansas sentence. *Herman* is not in point. The relief sought in *Herman* was the same relief which Williams sought and obtained in Minnesota.

II. We seem never to have been called upon to rule whether credit should be given toward a partially served Iowa sentence for time subsequently served in another state. But we have held that delay in serving a mittimus until after the imposed sentence would have been completed with prompt service did not block actual serving of the sentence. *Miller v. Evans,* 115 Iowa 101, 88 N.W. 198 (1901). We held that an unauthorized order suspending service of sentence for contempt is ineffective. *Hall v. Wheeler,* 196 Iowa 100, 194 N.W. 268 (1923).

In a more analogous case we held that interruption of lawful custody of one under

sentence followed by commission of a crime and imprisonment for the later crime will not permit credit toward the first sentence for serving the second. *Kirkpatrick v. Hollowell,* 197 Iowa 927, 196 N.W. 91 (1923). *Kirkpatrick* was based on a code provision which provided in part:

> The time when a prisoner is upon parole or absent from the penitentiary shall not be held to apply upon his sentence if he shall violate the terms of his parole.

197 Iowa at 929, 196 N.W.2d at 92. Until revision of the criminal code, effective January 1, 1978, this provision remained in our code as section 247.12. A somewhat similar and even more restrictive provision now appears as section 906.16, The Code 1979.

Cases from the federal courts and from other states indicate the credit Williams asks should be denied. *Hardy v. United States Board of Parole,* 443 F.2d 402 (9 Cir. 1971); *Lionel v. Day,* 430 F.Supp. 384 (W.D. Okl.1976); *Plymale v. Coiner,* 302 F.Supp. 1272 (N.D.W.Va.1969); *Carter v. State,* 523 S.W.2d 639 (Tenn.Cr.App.1975); *Ogelsby v. Leeke,* 263 S.C. 283, 210 S.E.2d 232 (1974); and *Begley v. State,* 157 Ind.App. 98, 299 N.E.2d 238 (1973).

Williams relies on *People v. Daniels,* 69 Mich.App. 345, 244 N.W.2d 472 (1976). Relying on *In re Carey's Petition,* 372 Mich. 378, 126 N.W.2d 727 (1964), the court in *Daniels* extended the Michigan rule mandating that Michigan sentences run concurrently with prior imposed federal sentences. A Michigan sentence was ordered to run concurrently with a previously imposed sentence of another state. In addition to not being in point, the *Carey* rule has not been well received outside Michigan. We expressly rejected it in *Herman,* 193 N.W.2d at 544.

It is to be conceded that certain peculiar factual situations will result in credit being given for imprisonment by another jurisdiction. This is especially true where a defendant is detained in the other jurisdiction unnecessarily or after serving his sentence there solely as the result of action taken to prevent him from returning to continue his principal sentence. In such cases credit may be given for the time in unnecessary custody. See *United States v. Shillingford,* 586 F.2d 372 (5 Cir. 1978); *Brown v. United States,* 489 F.2d 1036 (8 Cir. 1974); *United States v. Eidum,* 474 F.2d 581 (9 Cir. 1973); *Ballard v. Blackwell,* 449 F.2d 868 (5 Cir. 1971); *Duval v. United States,* 385 F.Supp. 302 (E.D.Pa.1974); *Jennings v. Hunt,* 272 So.2d 333 (La.1973); and *Chalifoux v. Commission of Correction,* —— Mass. ——, 377 N.E.2d 923 (1978).

Williams does not allege nor does the record indicate, that Iowa took any steps to have him detained in Minnesota after withdrawal of Iowa's escape charge so as to prevent him from returning to serve his sentence here.

III. Although its effective date, January 1, 1978, was after the time of Williams's escape from Iowa, attention is invited to section 906.16, The Code 1979. It now provides in part:

> The time when a prisoner is absent from the institution by reason of an escape shall not apply upon the sentence against the prisoner.

Williams's application for credit must be denied. It would be a novel rule which would allow a sentenced criminal, by the simple expedient of escape, to select the state in which he wishes to serve his incarceration.

AFFIRMED.

All Justices concur, except McCORMICK, J., who takes no part.