21648

Alvy Eugene KEPHART, Jr., Appellant, v. STATE of South Carolina, Respondent.

(289 S. E. (2d) 402)

*Kenneth C. Hanson, of Hanson & Anderson, Columbia, for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. William K. Moore and Staff Atty., Larry Vanderbilt,* Columbia, *for respondent.*

February 23, 1982.                                    F

*Per Curiam:*

This is an appeal from denial, after a hearing, of Post-Conviction Relief. We affirm.

Appellant pled guilty to armed robbery in 1970 and was sentenced to fifteen (15) years. On September 11, 1972 appellant escaped from the custody of the Department of Corrections. He remained at large until March, 1979 when he was arrested on a South Carolina fugitive warrant in Carlisle, Pennsylvania. Appellant remained imprisoned in Pennsylvania for approximately sixteen (16) months while he contested extradition. In June, 1980 he waived further extradition proceedings after the Pennsylvania Court of Appeals affirmed an extradition order of the lower court. Appellant was returned to South Carolina custody on August 8, 1980.

Appellant argues that the period he spent imprisoned in Pennsylvania contesting extradition should be credited toward his remaining armed robbery sentence in South Carolina.

We have held that where a non-escapee is imprisoned in another state while contesting extradition, he is entitled to credit on any subsequent sentence given by a South Carolina court. *State v. Dozier,* 263 S. C. 267, 210 S. E. (2d) 225 (1974). We have also held that an escapee who serves a criminal sentence in another jurisdiction is not entitled to credit on his South Carolina sentence for time spent in the other jurisdiction while serving the sentence or while contesting extradition after the sentence has been completed. *Oglesby v. Leeke,* 263 S. C. 283, 210 S. E. (2d) 232 (1974).

Appellant's entire absence was due to his escape and his resistance to the efforts of the State of South Carolina to effect his return. It is undisputed that no part of his absence or imprisonment in Pennsylvania was in execution of the South Carolina sentence. He is not entitled to credit for any time he spent as an escapee. See *Oglesby v. Leeke, supra.*

We therefore hold the lower court properly denied appellant's claim. The order of the lower court denying credit to appellant for time spent imprisoned in Pennsylvania is affirmed.