29 F.3d 619
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Edwin J. WHITE, Jr., Petitioner, Appellant,
v.
Ronald DUVAL, Superintendent, Respondent, Appellee.
 No. 94-1647
 United States Court of Appeals,
First Circuit.
 July 26, 1994
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge ]
 Edwin J. White, Jr., on brief pro se.
 Before Torruella, Selya and Cyr, Circuit Judges.
 D.Mass.
 DENIED.
 Per Curiam.
 
 
 1
 Petitioner Edwin J. White, Jr., seeks a certificate of probable cause to appeal the dismissal of his 28 U.S.C. Sec. 2254 habeas petition.
 
 
 2
 Assuming but not deciding that the district court should not have dismissed this petition for lack of jurisdiction, see Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n. 15 (1973) (federal district court of confining state has subject matter jurisdiction to entertain petition seeking to attack conviction in another state which may subject petitioner to future custody in that state); Thompson v. Missouri Bd. of Parole, 929 F.2d 396, 398 (8th Cir. 1991) (same); Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985) (proper remedy for failure to name, as respondent, Attorney General of state in which judgment is attacked, as required by Rule 2(b) of the Rules Governing Sec. 2254 cases, is not dismissal but return of petition for amendment pursuant to Rule 2(e)), and that petitioner has exhausted his state remedies, we nevertheless deny the certificate for probable cause on the ground that the petition on its face makes clear that petitioner is not entitled to habeas relief, see Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. fol. Sec. 2254.
 
 
 3
 Even if petitioner were correct in his allegation that his being held by the South Carolina Department of Correction from January 6 until January 16, 1986, after he had already pled guilty to the charge for which he had been extradited, was a violation of Article V(d) & V(e) of the Interstate Agreement on Detainers Act, Mass. Gen. L. ch. 276 app. Sec. 1-1, that violation would not amount to the sort of "fundamental defect" which entitles a petitioner to relief under 28 U.S.C. Sec. 2254. See Reed v. Farley, 62 U.S.L.W. 4564, 4567 (U.S. June 20, 1994); Fasano v. Hall, 615 F.2d 555, 558 (1st Cir), cert. denied, 449 U.S. 867 (1980).
 
 
 4
 We likewise find no merit in the claim that the return of petitioner by South Carolina authorities on January 19, 1986, constituted a waiver of their right to execute the sentence against him. See Johnson v. West Virginia, 679 F. Supp. 596, 598 (S.D.W.Va. 1988) (general rule is that state does not lose power to execute sentence by turning prisoner over to another state for service of sentence). Finally, even though petitioner was kept between January 6 and 16, 1986, in the South Carolina Department of Correction, while awaiting his return to Massachusetts, we find no colorable support for a claim that South Carolina's requirement that petitioner serve his South Carolina sentence upon completion of his Massachusetts sentence, see Oglesby v. Leeke, 263 S.C. 283, 210 S.E. 2d 232, 233 (1974) (prisoner who escaped from South Carolina prison and was later confined in New York prison for separate offense not entitled to have any time spent in New York prison credited toward South Carolina sentence), amounts to a piecemeal sentence in violation of the Federal Constitution.
 
 
 5
 The request for a certificate of probable cause is denied.