THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Wayne S.
 Tippett, Appellant,
 v.
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal From the Administrative Law Court
  John D. Geathers, Administrative Law
Judge

Unpublished Opinion No. 2008-UP-631
 Submitted November 3, 2008  Filed
November 12, 2008

AFFIRMED

 
 
 
 Wayne
 S. Tippett, pro se, for Appellant.
 Robert
 Wesley Jacobs, of Columbia, for Respondent.  
 
 
 

PER CURIAM: Wayne S. Tippett was convicted of armed robbery in
 1972 and sentenced to twenty-five years imprisonment with hard labor.  Tippett
 escaped in 1972 and again in 1976, returning to custody in South Carolina in
 2002.  Tippett appeals the Administrative Law Courts denial of his grievance contesting
 a disciplinary conviction of escape following his 1976 escape and its
 dismissal of his grievances contesting the loss of twenty days of good time
 following the 1972 escape, the denial of sentence credits for the time he
 served in a Utah county jail while contesting extradition, and the unlawful
 recalculation of his sentence term.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.       As
 to the issue of Tippetts disciplinary conviction of escape following his
 1976 escape:  S.C. Code Ann. §§
 1-23-380(A)(4), 1-23-610(C) (Supp. 2007) (limiting review of a decision by the ALC
 to the record); Kearse v. State Health & Human Servs. Fin. Commn,
 318 S.C. 198, 200, 456 S.E.2d 892, 893 (1995) (The findings of the agency are
 presumed correct and will be set aside only if unsupported by substantial
 evidence.). 
2.       As
 to the issue of the loss of twenty days of good time following Tippetts 1972
 escape:  S.C. Dept of Corrs. v. Mitchell, 377 S.C. 256, 259, 659 S.E.2d
 233, 235 (Ct. App. 2008) (quoting Waters v. S.C. Land Res. Conservation Commn,
 321 S.C. 219, 226, 467 S.E.2d 913, 917 (1996)) (The burden is on appellants to
 prove convincingly that the agencys decision is unsupported by the evidence.). 
3.       As
 to the issue of the denial of sentence credits for the time Tippett served in a
 Utah county jail while contesting extradition:  S.C. Code Ann. § 24-13-40
 (2007); see also Delahoussaye v. State, 369 S.C. 522, 528, 633
 S.E.2d 158, 161 (2006) (citing Oglesby v. Leeke, 263 S.C. 283, 210
 S.E.2d 232 (1974)) (recognizing a convict may earn sentence credits while in
 the custody of another jurisdiction, but excluding from eligibility for these
 credits a convict who finds himself in the other jurisdictions custody
 following his escape from South Carolina custody).    
4.       As
 to the issue of the unlawful recalculation of Tippetts  sentence term:  Wright
 v. Marlboro County Sch. Dist., 317 S.C. 160, 164, 452 S.E.2d 12, 15 (Ct. App. 1994) (Ordinarily, the decision of an administrative tribunal precludes the
 relitigation of the issues addressed by that tribunal in a collateral action.).
AFFIRMED.
ANDERSON, HUFF and THOMAS, JJ., concur,

[1] We decide this case without oral argument pursuant to
Rule 215, SCACR.