# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert Watring,**
**Petitioner Below, Petitioner**

**FILED**

**March 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 18-0200** (Preston County 17-C-81)

**John Anderson, Superintendent,**
**Salem Correctional Center and Jail,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert Watring, by counsel Jeremy B. Cooper, appeals the Circuit Court of Preston County's February 28, 2018, order denying his amended petition for a writ of habeas corpus. Respondent John Anderson, Superintendent, by counsel Caleb A. Ellis, filed a response.[1] Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his habeas petition, asserting that the prosecutor suppressed helpful evidence and that he had ineffective assistance of counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, petitioner was indicted on two counts of wanton endangerment involving a firearm, one count of malicious assault, one count of child abuse creating risk of injury, and one count of driving while license suspended or revoked for driving under the influence ("DUI").[2] At petitioner's trial on these charges, the victim, petitioner's ex-wife, testified that petitioner arrived at her home intoxicated after she ignored his repeated attempts to reach her by phone. Upon his arrival petitioner began continually ringing the doorbell and beating on the door. Knowing that

---

[1]Petitioner listed Spencer Hill, former Acting Warden of Anthony Correctional Center, as respondent in this matter; however, petitioner is currently housed at Salem Correctional Center and Jail, at which John Anderson is Superintendent. The appropriate party has been substituted per Rule 41(c) of the Rules of Appellate Procedure. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W. Va. Code § 15A-5-3.

[2]Prior to trial, the charges of child abuse creating risk of injury and driving while license suspended or revoked for DUI were dismissed by agreed order.

1

petitioner would not stop until let inside the home, the victim opened her door. After several minutes inside the home, petitioner pointed a .22 caliber youth rifle at the victim's head. Petitioner reportedly told the victim he was "going to put her to sleep" and then pointed the rifle at her chest. Petitioner also choked the victim several times over an approximate five-minute period. The victim testified that she was unable to breathe while petitioner choked her, but when petitioner eased his grip, she yelled for help. While choking the victim, petitioner told her she "better pray that [her son] has a good life" without her. The victim testified that she feared for her life.

During the victim's testimony, she reported that the investigating officer took pictures of her neck, which had "just red marks," and eyeglasses, which were crooked from the altercation. Petitioner's counsel requested a bench conference outside the presence of the jury, and she informed the circuit court that she was unaware any pictures had been taken, despite discovery requests. The prosecutor stated that he, too, did not have the pictures. The investigating officer reported to the court that "[e]vidently, [they] didn't get transferred over." The prosecutor stated that he had no intention of introducing the photographs, and the trial resumed.

Carl W. Morgan Jr. testified that he received a call from his mother-in-law, who lived in the victim's apartment complex. Mr. Morgan's mother-in-law informed him that a woman was screaming for help and being beaten. Mr. Morgan, who lived down the street from the victim, went to the victim's home and began "pound[ing] on the door." The victim's son opened the door, and Mr. Morgan observed petitioner in the victim's apartment "smacking [the victim] back in" the bathroom, which she was attempting to exit. Petitioner then pointed the rifle at Mr. Morgan before exiting the home and driving away.

At the close of evidence, the jury found petitioner guilty of two counts of wanton endangerment involving a firearm and one count of malicious assault. The circuit court sentenced petitioner to a determinate term of five years of incarceration for each wanton endangerment involving a firearm conviction and an indeterminate term of two to ten years for his malicious assault conviction. Petitioner's sentences were further ordered to run consecutively.

Petitioner filed a motion for a new trial asserting, among other things, that the State's failure to disclose the photographs amounted to a violation of his right to due process under *Brady v. Maryland*, 373 U.S. 83 (1963); that the failure to disclose amounted to a violation of Rule 16 of the West Virginia Rules of Criminal Procedure; and that the eventual, post-trial disclosure constituted newly discovered evidence entitling him to a new trial.[3] The circuit court denied petitioner's motion for a new trial, and on October 11, 2016, we affirmed the circuit court's denial of that motion. *State v. Watring*, No. 15-0932, 2016 WL 5900709 (W. Va. Oct. 11, 2016)(memorandum decision).

Following this Court's decision, petitioner filed a pro se petition for a writ of habeas corpus on July 14, 2017. The circuit court appointed counsel, and through counsel, petitioner filed an amended petition asserting as grounds for relief coerced confession, suppression of helpful evidence by the prosecutor, ineffective assistance of counsel, constitutional errors in evidentiary rulings, improper jury instructions, prejudicial statements by the prosecution, and sufficiency of

---

[3]Petitioner received the photographs four days after his sentencing.

2

the evidence. The parties appeared for an omnibus evidentiary hearing on January 22, 2018, and the circuit court denied petitioner habeas relief by order entered on February 28, 2018. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner challenges only the circuit court's rulings on his suppression of favorable evidence by the prosecutor and ineffective assistance of counsel claims. First, petitioner argues that the State's failure to produce the photographs of the victim's injuries constitutes a due process violation. *See Brady*, 373 U.S. at 87 ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.); syl. pt. 4, *State v. Hatfield*, 169 W. Va. 191, 289 S.E.2d 402 (1982) ("A prosecution that withholds evidence which if made available would tend to exculpate an accused by creating a reasonable doubt as to his guilt violates due process of law under Article III, Section 14 of the West Virginia Constitution.").[4] Petitioner argues that the pictures are exculpatory in the context of a lesser-included offense instruction. Specifically, petitioner's "trial strategy [was] to profess complete innocence to the accusations[,]" and his trial counsel testified at his omnibus evidentiary hearing that petitioner was not amenable to requesting an instruction on lesser-included offenses of malicious assault. But trial counsel also testified that once she saw the photographs, she did not believe they supported a malicious assault conviction and, instead, thought "they might go to a lesser included domestic battery." Trial counsel further stated that had she seen the pictures in advance of trial, "it would've given [her and petitioner] an opportunity to revisit the question of the lesser included." Petitioner also argues that if the photographs had been published to the jury, "[n]o reasonable juror, even in the light most favorable to the prosecution, could have found that

---

[4]Additionally,

> [a] police investigator's knowledge of evidence in a criminal case is imputed to the prosecutor. Therefore, a prosecutor's disclosure duty under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982) includes disclosure of evidence that is known only to a police investigator and not to the prosecutor.

Syl. Pt. 1, *State v. Youngblood*, 221 W. Va. 20, 650 S.E.2d 119 (2007).

a man of the [p]etitioner's size and strength intended to kill the alleged victim based upon such visually marginal injuries."[5]

Petitioner, however, also acknowledges that this Court previously found that the photographs were not favorable to him as exculpatory or impeachment evidence and that he had, therefore, not established a *Brady* violation. *Watring*, 2016 WL 5900709 at *3. In denying petitioner relief on this ground, the habeas court found that reconsideration was prohibited under the law of the case doctrine. Petitioner urges this Court to decline to apply that doctrine because testimony elicited from the prosecutor and trial counsel constitutes "material changes in the facts since the prior appeal."

We have previously held that

[t]he law of the case doctrine "generally prohibits reconsideration of issues which have been decided in a prior appeal in the same case, *provided that there has been no material changes in the facts since the prior appeal*, such issues may not be relitigated in the trial court or re-examined in a second appeal." . . . "[T]he doctrine is a salutary rule of policy and practice, grounded in important considerations related to stability in the decision making process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy."

*State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 808, 591 S.E.2d 728, 734 (2003) (citations omitted) (emphasis added). In other words, "[t]he general rule is that when a question has been definitively determined by this Court its decision is conclusive on parties, privies and courts, including this Court, upon a second appeal and it is regarded as the law of the case." *Id.* (citing syl. pt. 1, *Mullins v. Green*, 145 W. Va. 469, 115 S.E.2d 320 (1960)).

Additionally, in *State v. Youngblood*, we held that

[t]here are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

221 W. Va. 20, 22, 650 S.E.2d 119, 121, syl. pt. 2 (2007). We have defined "exculpatory evidence" as "that which would tend to show freedom from fault, guilt or blame." *Buffey v. Ballard*, 236 W.

---

[5]An individual is guilty of malicious assault when the person "maliciously shoots, stabs, cuts or wounds any person, or by any means cause him or her bodily injury with intent to maim, disfigure, disable or kill." W. Va. Code § 61-2-9(a). The prosecutor indicated at petitioner's omnibus evidentiary hearing that, to the best of his recollection, he argued to the jury that petitioner possessed the intent to kill rather than to maim, disfigure, or disable.

4

Va. 509, 524, 782 S.E.2d 204, 219 (2015) (citation omitted); *see also Hatfield*, 169 W. Va. at 192, 286 S.E.2d at 404, syl. pt. 4 ("A prosecution that withholds evidence which if made available would tend to exculpate an accused by creating a reasonable doubt as to his guilt violates due process of law under Article III, Section 14 of the West Virginia Constitution."); *United States v. Agurs*, 427 U.S. 97, 112 (1976) (defining exculpatory in terms of whether "the omitted evidence creates a reasonable doubt that did not otherwise exist").

In petitioner's prior appeal, we found "no indication in the record that the photographs, which undisputedly depict injuries to the victim's body and property, are exculpatory or impeachment material." *Watring*, 2016 WL 5900709 at *3. We found, instead, that "the photographs appear to be wholly consistent with the testimony of [the State's] witnesses at trial regarding the victim's injuries, which were said to be redness around the throat area and broken glasses." *Id.* Trial counsel's testimony regarding an opportunity to "revisit the question of [whether to seek an instruction on a] lesser included [offense]" does not change the character of the photographs. Rather, they remain corroborative of trial witnesses' testimony, including the victim's, regarding the marks left by petitioner's strangulation of the victim. In other words, the photographs remain inculpatory despite trial counsel's testimony. Therefore, we find no error in the circuit court's finding that this claim is barred from reconsideration.[6]

In petitioner's final assignment of error, he asserts that trial counsel rendered ineffective assistance. Petitioner conclusorily states that trial counsel mishandled "the mid-trial photograph situation," failed to move for a judgment of acquittal, and "failed to object to a line of questioning by the State that had been excluded during pretrial litigation,"[7] all of which "is sufficient for a finding that each prong of [the] *Strickland* test was fulfilled."

In West Virginia, claims of ineffective assistance of counsel

> are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

---

[6]Additionally, West Virginia Code § 53-4A-1(a) prohibits the pursuit of habeas relief on grounds that have been "previously and finally adjudicated . . . in the proceedings which resulted in the conviction and sentence, . . . or in any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence." As used in that statute, "previously and finally adjudicated" means "there was a decision on the merits thereof after a full and fair hearing thereon" in, among others, a proceeding "instituted by the petitioner to secure relief from his conviction or sentence." *Id.* § 53-4A-1(b). Because this claim was previously and finally adjudicated in *Watring*, we also find that it was properly disposed of under West Virginia Code § 53-4A-1.

[7]Petitioner fails to specifically identify this questioning; instead, he cites to the appendix record. The citation is to trial counsel's testimony at petitioner's omnibus evidentiary hearing concerning "questions by the State in which [petitioner's] history of having a protective order may have been made apparent to the jury."

5

Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Further, an ineffective assistance of counsel claim may be disposed of for failure to meet either prong of the test. Syl. Pt. 5, in part, *State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 465 S.E.2d 416 (1995); *see also State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 17, 528 S.E.2d 207, 213 (1999) (citation omitted) ("Failure to meet the burden of proof imposed by either part of the *Strickland/Miller* test is fatal to a habeas petitioner's claim.").

Here, petitioner simply concludes that "[t]he evidence of these three omissions is sufficient for a finding that each prong of [the] *Strickland* test was fulfilled," without providing any analysis in support of that conclusion. Specifically, he fails to demonstrate that the outcome of his trial would have been different had trial counsel requested a recess to review the photos, particularly given this Court's finding that the photos were not exculpatory; moved for judgment of acquittal, given that petitioner filed post-trial motions; or objected to certain testimony, again given petitioner's post-trial motions addressing the allegedly improperly introduced testimony.[8] Accordingly, we find no error in the circuit court's denial of habeas relief on this ground. *See also State ex rel. Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995) (citation omitted) ("[A] skeletal 'argument', really nothing more than an assertion, does not preserve a claim . . . .").

For the foregoing reasons, we affirm the circuit court's February 28, 2018, order denying petitioner's amended petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** March 15, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[8]At a hearing on petitioner's post-trial motions, trial counsel conceded that there was no testimony regarding a protective order introduced at trial. The habeas court, "[u]pon further review of the [p]etitioner's trial testimony . . . once again f[ound] and conclude[d] that there was no mention of a protective order during the State's cross-examination of [p]etitioner."